

# 09 CV 3512

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CITIGROUP GLOBAL MARKETS INC., | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| ROANOKE VALLEY FEDERAL CREDIT UNION | ) ) ) ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) ) ) ) | |

## COMPLAINT

Plaintiff Citigroup Global Markets Inc. ("Citigroup Global Markets"), by its undersigned attorneys, for its complaint against defendant Roanoke Valley Federal Credit Union ("RVCU"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action in law and equity for service mark infringement, unfair competition and deceptive trade practices, arising under the United States Trademark Act, 15 U.S.C. §§ 1051, *et seq*. (the "Lanham Act"), the laws of the State of New York, and under the common law, based on defendant RVCU's unauthorized use and infringement of Citigroup Global Markets' mark "MYFI."

## THE PARTIES

2.      Plaintiff Citigroup Global Markets is a New York corporation with its principal place of business at 388 Greenwich Street, New York, New York 10013.

3.      Upon information and belief, Defendant RVCU is a federally-chartered credit union with its principal place of business at 723 5th Street NE, Roanoke, Virginia 24016.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.  The state law claims are so related to the claims within the Court's original jurisdiction as to form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over RVCU pursuant to New York CPLR 302 because, at all relevant times hereto, RVCU has advertised, offered and/or supplied goods or services to persons located within this State and elsewhere, including through its interactive internet website (www.roanokevalleyfcu.org).  In addition, RVCU has engaged in acts or omissions outside of this State causing injury within this State, and has otherwise contracted to supply goods or services within this State sufficient to permit the exercise of personal jurisdiction.

6.      Venue is proper under 28 U.S.C. § 1391(b)(2) and § 1391(c) because a substantial part of the events or omissions giving rise to the claims arose within this judicial district and because RVCU resides in this jurisdiction by virtue of RVCU being subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

7.      Plaintiff Citigroup Global Markets is an indirect wholly-owned subsidiary of Citigroup Inc. ("Citigroup"), a Delaware corporation with its principle place of business at 399 Park Avenue, New York, New York, 10043.

8.      Citigroup is one of the largest and most renowned banking and financial services institution in the United States and throughout the world. Citigroup, through its operating affiliates that incorporate the "Citi" prefix in their names, including plaintiff Citigroup Global Markets, offers a full range of financial and related services. Citigroup services more than 200 million customer accounts in over 100 countries.

9.      Citigroup owns the extensive family of internationally famous CITI service marks and trademarks (hereinafter the "CITI Marks"), including CITI, CITIGROUP, CITIBANK, CITIMORTGAGE, CITIFINANCIAL, and CITI and Arc Design. Citigroup has made pervasive use of the CITI Marks long before RVCU's complained of activities, and has spent considerable time and assets marketing and advertising these marks. Citigroup has established substantial goodwill in the CITI Marks, which are well-known in the financial services field, and which have been judicially recognized as famous and distinctive. The CITI Marks enjoy vast recognition by the public and have become synonymous with the quality goods and services offered by Citigroup and Citigroup Global Markets.

10.      Citigroup Global Markets uses its "MYFI" mark (hereinafter, the "MYFI Mark") in connection with financial and investment services for retail clients, offered both in the state of New York and elsewhere in interstate commerce. More particularly,

3

Citigroup Global Markets uses its MYFI mark in connection with financial and investment counseling; securities and trading brokerage services; electronic securities brokerage; investment advisory services; financial planning, including debt and credit management, retirement and education planning, and insurance counseling; savings account services for education purposes; and insurance services.

11.     In addition, Citigroup Global Markets typically uses its MYFI Mark in juxtaposition with the mark CITI.  That use, along with the use of the Citigroup name on all of Citigroup Global Markets' promotional material for its MYFI services bolsters the strong association between the MYFI Mark, and Citigroup Global Markets and Citigroup in the minds of consumers.

12.     Citigroup Global Markets' MYFI financial services consist of both in-person and telephone consultations with Citigroup Global Markets financial advisors, as well as a myFi website (www.myfi.com) where customers and potential customers can learn more about myFi and how to contact myFi.

13.     On September 7, 2007, Citigroup Global Markets filed an intent to use application with the United States Patent and Trademark Office under 15 U.S.C. § 1051(b) to register the MYFI Mark for financial and investment services.  A copy of Citigroup Global Markets' Application for Registration is attached hereto as Exhibit "A." Citigroup Global Markets also owns the domain name, www.myfi.com, and has owned that domain name since 2008.

14.     Citigroup Global Markets has continually used the MYFI Mark in commerce since at least May, 2008.  Evidence of Citigroup Global Markets' use of the MYFI Mark is attached hereto as Exhibit "B."  Citigroup Global Markets' effective date

4

of first use in commerce, however, is September 7, 2007 when Citigroup Global Markets filed its intent to use application as described above.

15.     In its promotional material, RVCU represents that it offers the public a wide range of financial services that are typically provided by financial services institutions, such as Citigroup Global Markets.  Those services include checking accounts; ATM services; deposit accounts; such as money market, savings, club, and individual retirement accounts; loans, such as mortgage loans, home equity loans and lines of credit, secured loans, and vehicle loans; credit cards; online account access, online bill paying, and direct deposit; and payroll deductions.

16.     RVCU maintains an interactive website that is accessible to persons in this district.  Thus, persons in this district may enter RVCU's website and print a membership application which, when completed and submitted to RVCU, will enable that person to be a member of RVCU.  All members have access to all of RVCU's products and services.

17.     One such service is the "eValley Online Account Access."  Residents of this district can access an online registration form and complete and submit the form online to RVCU.  After having registered, persons, including persons in this district, can manage their RVCU accounts online on their personal computers located in this district, through the RVCU website.  Persons can view savings and loan balances, view transactions, transfer funds between accounts, make loan payments, order checks and accessories, and make a withdrawal by check from an account.  In addition, through RVCU's online payment center, persons, including persons in this district, can pay bills online from their personal computers located in this district.

18.     Of particular relevance here, RVCU promotes its financial services to persons of the ages 13-17 under the mark MYFI.  Upon information and belief, RVCU began using the MYFI mark in commerce on or about January, 2008, months after the effective first use by Citigroup Global Markets of its MYFI mark.

19.     RVCU customers, including those in this district, are able to access their RVCU MYFI accounts from any location, including in this district, through the RVCU website (www.roanokevalleyfcu.org/MyFi).  RVCU customers can access and manage their accounts through the RVCU MYFI website.  They also can directly interact with other RVCU members and a representative of RVCU on the MYFI blog.  A copy of the RVCU MYFI website is attached hereto as Exhibit "C."

20.     The RVCU MYFI account offers the same or similar services as Citigroup Global Markets' MYFI program, and RVCU is using Citigroup Global Markets' protected MYFI Mark for these nearly identical services.  Citigroup Global Markets has never permitted, authorized or consented in any way to RVCU's use of the MYFI Mark.

21.     RVCU's use of the MYFI Mark creates the false impression, and is likely to cause confusion, mistake, or deceive consumers into believing that RVCU is associated with Citigroup Global Markets, or that Citigroup Global Markets endorses, authorizes or approves of the activities, services, and/or advertisements of RVCU. RVCU is falsely trading on the goodwill associated with Citigroup Global Markets and the MYFI Mark.

22.     Consequently, upon discovering RVCU's unauthorized use of the MYFI Mark, Citigroup Global Markets sent a cease and desist notice to RVCU on July 2, 2008,

a true and correct copy of which is attached hereto as Exhibit "D." In response, RVCU refused to cease such use.

23.    RVCU was placed on actual notice of Citigroup Global Markets' rights and knew or should have known of the valuable reputation and goodwill associated with Citigroup Global Markets and represented by the MYFI Mark. Because RVCU has prior notice of Citigroup Global Markets' trademark rights, RVCU's continued use of the MYFI Mark is willful.

24.    RVCU has persisted to intentionally trade on the considerable goodwill associated with Citigroup Global Markets and Citigroup, as well as the goodwill established in the MYFI Mark. RVCU's willful acts have caused and will continue to cause confusion and harm to the public, and irreparable injury to the reputation and goodwill of Citigroup Global Markets.

### FIRST CLAIM FOR RELIEF

### (Federal Unfair Competition)

25.    Citigroup Global Markets realleges and incorporates by reference the allegations of the foregoing paragraphs of the Complaint, as though fully set forth herein.

26.    There is invaluable goodwill in the CITI Marks and the MYFI Mark. Citigroup Global Markets has expended considerable time and money advertising and promoting its brand and services.

27.    RVCU is using the MYFI Mark in connection with goods and services in commerce, in a manner likely to confuse, mistake, or deceive as to the affiliation, connection and association of RVCU with Citigroup Global Markets, or as to the origin, sponsorship, or approval of RVCU's goods, services, or commercial activities by Citigroup Global Markets, in violation of 15 U.S.C. § 1125.

28.     RVCU has actual knowledge of Citigroup Global Markets' rights in the MYFI Mark, and has known or should have known of the goodwill associated with the MYFI Mark and Citigroup Global Markets. By continuing to use the MYFI Mark, RVCU has willfully and intentionally traded on the reputation and goodwill of Citigroup Global Markets, causing irreparable injury to Citigroup Global Markets.

29.     Upon information and belief, RVCU has realized unjust profits, gains and advantages as a proximate result of its infringing conduct.

30.     RVCU's unauthorized and confusingly similar use is likely to cause harm to the public, and as a result of RVCU's actions, Citigroup Global Markets has suffered damages and irreparable harm, including injury to its goodwill and business reputation, and Citigroup Global Markets and the public will continue to suffer unless RVCU is enjoined by the Court. Citigroup Global Markets is entitled to injunctive relief and to recover RVCU's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

31.     Citigroup Global Markets realleges and incorporates by reference the allegations of the foregoing paragraphs of the Complaint as though fully set forth herein.

32.     Citigroup Global Markets owns or enjoys common law service mark rights through the United States in the MYFI Mark for financial and investment services.

33.     RVCU has infringed Citigroup Global Markets' rights in the MYFI Mark by using the mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services similar or identical to the goods and services

offered by Citigroup Global Markets, in a manner likely to cause confusion, mistake, or deceive, in violation of Citigroup Global Markets' common law trademark rights.

34.     As a result of RVCU's actions, Citigroup Global Markets has suffered damages and irreparable harm, including injury to its goodwill and business reputation, and will continue to suffer unless RVCU is enjoined by the Court.  Citigroup Global Markets has no adequate remedy at law, and is therefore entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF

**(New York State Unfair and Deceptive Trade Practices)**

35.     Citigroup Global Markets realleges and incorporates by reference the allegations of the foregoing paragraphs of the Complaint, as though fully set forth herein.

36.     There is invaluable goodwill in the CITI Marks and the MYFI Mark. Citigroup Global Markets has expended considerable time and money advertising and promoting its brand and services.

37.     RVCU has actual knowledge of Citigroup Global Markets' rights in the MYFI Mark, and has known or should have known of the goodwill associated with the MYFI Mark and Citigroup Global Markets.  By continuing to use the MYFI Mark, RVCU has willfully and intentionally traded on the reputation and goodwill of Citigroup Global Markets, causing irreparable injury to Citigroup Global Markets.

38.     Upon information and belief, RVCU has realized unjust profits, gains and advantages as a proximate result of its infringing conduct.

39.     RVCU is using the MYFI Mark, or confusingly similar variations thereof, in connection with goods and services in commerce, in a manner likely to confuse, mistake, or deceive as to the affiliation, connection and association of RVCU with

Citigroup Global Markets, or as to the origin, sponsorship, or approval of RVCU's goods, services, or commercial activities by Citigroup Global Markets, in violation of New York General Business Law § 349.

40.     RVCU's unauthorized and confusingly similar use is likely to cause harm to the public, and as a result of RVCU's actions, Citigroup Global Markets has suffered damages and irreparable harm, including injury to its goodwill and business reputation, and Citigroup Global Markets and the public will continue to suffer unless RVCU is enjoined by the Court.  Citigroup Global Markets is entitled to injunctive relief and to recover RVCU's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## **FOURTH CLAIM FOR RELIEF**

### **(New York State Trademark Infringement)**

41.     Citigroup Global Markets realleges and incorporates by reference the allegations of the foregoing paragraphs of the Complaint, as though fully set forth herein.

42.     Citigroup Global Markets owns or enjoys common law service mark rights throughout the State of New York in the MYFI Mark for financial and investment services.

43.     RVCU has infringed Citigroup Global Markets' rights in the MYFI Mark by using the mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services similar or identical to the goods and services offered by Citigroup Global Markets, in a manner likely to cause confusion, mistake, or deceive, in violation of New York Gen. Bus. L. § 360.

44.     As a result of RVCU's actions, Citigroup Global Markets has suffered damages and irreparable harm, including injury to its goodwill and business reputation, and will continue to suffer unless RVCU is enjoined by the Court. Citigroup Global Markets is entitled to injunctive relief and to recover RVCU's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Citigroup Global Markets prays as follows:

1.     That RVCU be enjoined from:

    a.     Using the MYFI Mark, or any other reproduction, counterfeit, copy, or colorable imitation of the MYFI Mark;

    b.     Using any trademark, service mark, name, logo, design or designation of any kind in connection with goods or services that is likely to confuse, mistake or deceive the public into believing that the goods and services offered by RVCU are affiliated, connected, or associated with, or sponsored or approved by Citigroup Global Markets; and

    c.     Unfairly competing with Citigroup Global Markets in any manner whatsoever.

2.     That RVCU be required to account for and pay over to Citigroup Global Markets all damages sustained by Citigroup Global Markets and any and all profits realized by RVCU by reason of its unlawful acts, and that such amounts be trebled, as provided by law and increased to the maximum allowed by law as a result of RVCU's willful conduct;

3.      That RVCU be required to pay to Citigroup Global Markets all of its costs, disbursements, and attorneys' fees in this action;

4.      That RVCU be required to destroy all advertising, signage, literature, packaging, products and/or other promotional materials bearing the infringing mark;

5.      For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Citigroup Global Markets hereby demands a trial by jury in this action.

Dated: April 6, 2009

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

Joseph A. Calvaruso
666 Fifth Avenue
New York, New York 10103
Tel: (212) 506-5000
Fax: (212) 506-5151

*Attorneys for Plaintiff Citigroup Global Markets Inc.*